UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWIGHT GARRISON, 03-B-0343,

    Petitioner,

        -v-                                  08-CV-6266(MAT)
                                                  **ORDER**
DAVID ROCK, Superintendent,

    Respondent.

---

**I.   Introduction**

*Pro se* petitioner Dwight Garrison ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction entered on January 30, 2003 in Monroe County Supreme Court of Attempted Murder in the Second Degree (N.Y. Penal L. §§ 110.00, 125.25(1)) and Assault in the First Degree (N.Y. Penal L. § 120.10(1)) following a jury trial before Justice Francis A. Affronti. He is currently serving a determinate term of imprisonment of twenty-five years.

**II.  Factual Background and Procedural History**

Petitioner's convictions arose from an incident that occurred on February 23, 2002, in the City of Rochester. During a gathering at 632 Clifford Avenue, petitioner, a/k/a Sniper, shot Dennis Nation ("Nation") and Felicia Taylor ("Taylor") each three times without provocation. Nation died from gunshot wounds to his head

and chest. Taylor was shot in the leg, right side, and face, but survived the attack. T. 445, 452, 533-538, 543-548, 552, 622.[1]

Taylor testified at trial that on the evening of February 23, 2002, she attended a gathering at 632 Clifford Avenue with her boyfriend, Dennis Nation. While Nation was talking to another man, Taylor waited in the kitchen area for him. After approximately twenty minutes, three men entered the house, two of whom Taylor recognized. Taylor testified that she knew the two men as "Sniper" and "Teddy". She identified petitioner as the man she knew to be called Sniper. She stated that she had seen Teddy thirty to forty times over the past year and that she had seen Sniper five to ten times over the past year. Teddy was dressed in grey and Sniper had dark clothing on. As Taylor sat in the kitchen, there was no interaction between Nation and the three men that had recently arrived. T. 533-537.

According to Taylor, as she and Nation prepared to leave the house, Sniper, Teddy, and the third man convened in the foyer, chatting with others in the house. As Nation and Taylor entered the foyer to say goodbye, Sniper "nudged" Nation up against the wall, put a gun to his head and fired. Nation slumped to the floor. Taylor tried to run out of the house through the back entrance, but was grabbed and dragged back to Nation's body. Sniper held a gun to her head. Fighting and kicking frantically, the first shot fired

---

[1] Citations to "T.__" refer to the trial transcript; citations to "S.__" refer to the sentencing transcript.

2

missed her. Sniper shot two more times, hitting Taylor in the leg and the right side. At that point, she believes she lost consciousness. When she became aware of her surroundings again, Taylor began to scream. She then saw a grey-sleeved arm reach back through the front door and shoot her in the face. Taylor further recalled that as the shots were fired, the occupants of the house began to scatter. She managed to retrieve her cell phone from her pocket, and dialed 911 three times. When she was finally able to get through, Taylor told the 911 operator that she and her boyfriend had just been shot, and she thought her boyfriend was dead. T. 543-551.

The first officers on the scene testified that Taylor was able to identify the shooter as "Sniper", and described her attacker as a short, Jamaican male. T. 435-436. An emergency tracheotomy was then performed on Taylor at Rochester General Hospital so she would not suffocate on her own blood. T. 371. Two bullets were recovered from Nation; the evidence established that they were fired from separate guns. T. 728.

Petitioner was charged with second-degree murder under alternative theories (intentional and depraved indifference) with respect to Nation, and second-degree attempted murder and first-degree assault for the attack on Taylor. See Indictment No. 02-0217 at Respondent's Appendix B. At trial, the defense argued a theory that petitioner was misidentified as the shooter.

3

The jury found petitioner guilty of depraved indifference murder for the killing of Dennis Nation and guilty of the attempted murder and assault of Felicia Taylor. He was subsequently sentenced to aggregate terms of imprisonment totaling fifty years to life. T. 846-847, S. 16-17.

Through counsel, petitioner filed a direct appeal to the Appellate Division, Fourth Department, which reversed the conviction for depraved indifference murder, finding the evidence legally insufficient evidence to support such a conviction where the trial evidence established petitioner's use of a weapon with a "manifest intent to kill" the victim. People v. Garrison, 39 A.D.3d 1138 (4th Dept. 2007). Petitioner's judgment of conviction was affirmed as modified. Leave to appeal the Appellate Division's decision was denied by the New York Court of Appeals. People v. Garrison, 9 N.Y.3d 833 (2007).

The petition for habeas corpus followed, in which petitioner argues that his remaining convictions for attempted murder and assault are against the weight of the evidence. Petition ("Pet.") ¶ 22(A) & Attach. (7A) p. 1-5 (Dkt. #1).

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

    **B.   Petitioner's Weight of the Evidence Claim is not Cognizable on Habeas Review**

Petitioner's sole claim in his petition for habeas corpus alleges that the jury's verdict was against the weight of the evidence. Pet. ¶ 22(A). Specifically, he avers that Taylor misidentified petitioner as the shooter and that her testimony was not credible, as evidenced by her "inability to name the shooter to the 911 operator" and her "poor mental and physical condition" as a result of her injuries. Pet., Attach. (7A) p. 4-5. The Appellate Division rejected this claim on the merits, holding that "the verdict is not against the weight of the evidence with respect to the issue of identification." Garrison, 39 A.D.3d at 1140.

The respondent has correctly argued that federal habeas corpus relief is not available to a petitioner challenging a state conviction on the ground that the conviction was against the weight of the evidence. See Petitioner's Mem. at 4 (Dkt. #7).

Indeed, petitioner's "weight of the evidence" claim derives from New York Criminal Procedure Law ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. Crim. Proc. Law § 470.15(5). Thus, a "weight of the evidence" argument is a state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

In making a "weight of the evidence" argument, petitioner has not asserted a federal claim as required by 28 U.S.C. § 2254(a). Instead, he has raised an error of state law, for which habeas review is not available. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (habeas corpus review not available to remedy alleged error

of state law). Because petitioner's claim attacking the verdict as against the weight of the evidence does not present a federal constitutional issue cognizable in a habeas proceeding, e.g., Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence ..."), aff'd, 263 U.S. 255 (1923), it must be dismissed, e.g., Garrett v. Perlman, 438 F.Supp.2d 467, 470 (S.D.N.Y. 2006) (dismissing claim that conviction was against the weight of the evidence; such a claim is not a basis for habeas relief but presents only an error of state law, for which habeas review is not available); Douglas v. Portuondo, 232 F.Supp.2d 106, 116 (S.D.N.Y. 2002) (same).

Petitioner urges the Court to consider his sole claim in the instant petition as a challenge to the sufficiency of the evidence. See Respondent's Reply Mem. at 6 (Dkt. #8). Even if the Court were to do so, "the assessment of the credibility of witnesses" is nonetheless "generally beyond the scope of [habeas] review." Schlup v. Delo, 513 U.S. 298, 330 (1995); accord Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on [habeas] appeal."). The fact that the jury chose to credit the testimony of the prosecution's witnesses rather than petitioner's defense that he was misidentified, or resolved inconsistencies in favor of the prosecution, does not undermine the

reliability of the jury's verdict. See <u>Bossett v. Walker</u>, 41 F.3d 825, 830 (2d Cir. 1994) ("the jury is exclusively responsible for determining a witness' credibility") (internal quotation marks and citation omitted) "The role of this Court is clear: '[f]ederal habeas courts are not free to reassess the facts specific to credibility judgments by juries or to weigh conflicting testimony. On collateral review, this Court must presume that the jury resolved any questions of credibility in favor of the prosecution.'" <u>Vera v. Hanslmaier</u>, 928 F.Supp. 278, 284 (S.D.N.Y. 1996) (quoting <u>Anderson v. Senkowski</u>, No. CV-92-1007 (CPS), 1992 WL 225576, at *3 (E.D.N.Y. Sept.3, 1992)).

Accordingly, petitioner is not entitled to habeas relief on this ground, and the petition is dismissed.

## IV. Conclusion

For the reasons stated above, Dwight Garrison's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies

leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   August 23, 2010
         Rochester, New York